

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Holvey Williams     Opinion No. 0-2309
Criminal District Attorney    Re: Whether or not prize scheme of
Waco, Texas                       theatre constitutes a lottery.

Dear Sir:

     This will acknowledge receipt of your letter of April 30, 1940, requesting an opinion of this department as to whether or not a prize scheme of a local theatre, similar to the "Pot of Gold" radio program, constitutes a lottery such as is made unlawful by Article 654 of the Penal Code. The plan is described in your letter as follows:

     "The local shows propose to have a wheel which they spin and it will stop on a certain number which will indicate a certain page in our local city directory, and they will again spin the wheel and it will stop at a certain line on said page, and the name appearing on that line will receive a cash prize. The theater will attempt to call the number and also will announce the name from a loud speaker at their theater here in Waco, said announcement to be heard on the down town city streets, and if the party receiving the phone call is at home or hears the announcement over the loud speaker, he is entitled to receive the prize. It is not necessary for the receiver of the prize to have purchased a ticket at any of the theaters."

     Section 47 of Article III of the Constitution of Texas reads:

     "The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing, in other states."

     Pursuant to such command, the Legislature passed Article 654 of the Penal Code, which reads as follows:

     "If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than One Hundred ($100) Dollars nor more than One Thousand ($1,000) Dollars; or if any person shall sell, offer for sale or keep for sale any tickets or part tickets in any lottery, he shall be fined not less than Ten ($10) Dollars nor more than Fifty ($50) Dollars."

     In Cole vs. State (Ct. of Cr. App. 1937), 112 S. W. (2d) 725, the concurring opinion of Judge Hawkins states that:

"There is not now, nor ever has been, an attempt in this state to define by statute what constitutes a lottery. The term is defined by the statutes of only a few of the states. Corpus Juris, vol. 38, p. 288, note 10, lists only four, but says 'that such definitions seldom vary in substance from those established by the courts.' Having no definition in our statute, we must resort to the meaning given the term by popular usage as determined by the various courts. When that is done, it is clear that three things must concur to establish a thing as a lottery: (a) A prize or prizes; (2) the award or distribution of the prize or prizes by chance; (c) the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating. Texas Jur., vol. 28, p. 409, § 2, deduces from our own cases the rule stated, and it appears that in every case from our own court where a scheme has been denounced as a lottery that the three elements mentioned are shown by the facts to have been present. See Randle v. State, 42 Tex. 580; Grant v. State, 54 Tex. Cr. R. 403, 112 S. W. 1068, 21 L. R. A., N. S., 876, 130 Am. St. Rep. 897, 16 Ann. Cas. 844; Prendergast vs. State, 41 Tex. Cr. R. 358, 57 S. W. 850; Holoman v. State, 2 Tex. App. 610, 28 Am. Rep. 439, and other Texas cases cited in Texas Jur., supra. The same rule demanding the presence of the three elements named will be found stated in 17 Ruling Case Law, p. 1222, and 38 Corpus Juris, p. 286, with innumerable supporting cases cited under the text in each of said volumes."

As stated in City of Wink vs. Griffith Amusement Company, (Tex. Sup. Ct. 1936), 100 S. W. (2d) 695:

"An analysis of this provision shows that the framers of the Constitution condemned in emphatic terms the establishment and operation in this state of (a) 'lotteries,' (b) 'gift enterprises,' and (c) 'other evasions involving the lottery principle.' Lotteries only have been prohibited by the Penal Code in accordance with the constitutional mandate. 'Gift enterprises' and 'other evasions involving the lottery principle' nevertheless remain and stand condemned by the Constitution of the state as being against public policy. It is hardly necessary to argue that the 'Bank Night' plan of the defendant in error, if not a lottery, is at the very least a 'gift enterprise involving the lottery principle,' and obviously an evasion of the lottery laws of the state. That 'gift enterprises' are a form of lottery evasion is so well known that courts take judicial knowledge of the plan. 38 C. J. p. 296, § 14; State v. Bader, 24 Ohio N. P. (N.S.) 186. Moreover, 'gift enterprises' were well known in this state when the Constitution of the state was formulated in 1875 and adopted in 1876. State vs. Randle, 41 Tex. 292; Randle vs. State, 42 Tex. 580. In the argument in favor of the appellant in Randle v. State, 42 Tex. 580, supra, distinguished counsel for the appellant in that case argued that 'gift enterprises' were so well known 'as almost to be judicially proven.'"

It is clear from your letter that at least two of the elements essential to constitute a lottery are present. A prize is awarded, and the recipient of the prize is determined by chance. Is the third element, "the payment either directly or indirectly by the participants of a consideration for the right or privilege of participating," also present? We believe that this element is missing.

No payment either directly or indirectly is demanded of the recipient by the donor of the prize; nor, from the facts stated, do we see any material inducement to patronize the theatre. Each subscriber in the telephone directory has an equal opportunity to win the prize, either by remaining at his telephone, frequenting those places on the streets of the city where he may hear the announcement of the winning telephone number, or, if he desires, attending the theatre. The element of consideration is not present.

We do not mean to be understood as holding that the scheme described in your letter does not fall within the purview of Section 47 of Article III of the Constitution. On the contrary, we believe that the scheme is literally a "gift enterprise" or "evasion involving the lottery principle" of the type which is condemned by the Constitution. Being condemned by the Constitution, it is against the public policy of the State. If carried out by a corporation, its practical operation may be found to constitute an abuse of the corporate franchise. City of Wink vs. Griffith Amusement Company, supra. In the Penal Code, however, the Legislature has seen fit to carry out the constitutional mandate only to the extent of prohibiting lotteries, and we hold that this scheme does not constitute a lottery.

Very truly yours

APPROVED MAY 23, 1940                    ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS                By  /s/ Walter R. Koch
                                              Walter R. Koch
                                                Assistant


                                         By  /s/ James D. Smullen
                                              James D. Smullen
JDS/oe/lm

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN